UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
DOMINIC F. AMOROSA et al.,                                              :
                                                                        :
                              Plaintiffs,                               :
                                                                        :    21-CV-3137 (JMF)
              -v-                                                       :
                                                                        :    MEMORANDUM OPINION
GENERAL ELECTRIC COMPANY et al.,                                        :    AND ORDER
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

  In an Opinion and Order entered June 6, 2023, familiarity with which is presumed, the Court granted Defendants' motion to dismiss this action. *See* ECF No. 38 ("Opinion"). In accordance with the Private Securities Litigation Reform Act ("PSLRA") — which "mandates that, at the conclusion of any private securities action, a district court 'shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion'" — the Court invited any party that "believes that another party should be subject to sanctions under Rule 11(b) . . . [to] file a motion to that effect." *Id.* at 9 (quoting 15 U.S.C. § 78u-4(c)(1)). Taking up the invitation, Defendants move, pursuant to Rule 11, for sanctions against Plaintiff Dominic F. Amorosa, a lawyer who proceeded *pro se* in this action until the Court dismissed his suit and this motion for sanctions was initiated. *See* ECF Nos. 40, 44, 47. Defendants contend that sanctions are warranted for three primary reasons: (1) based on Amorosa's use of allegations drawn from those brought on behalf of the class in *Sjunde AP-Fonden v. General Electric Co.*, No. 17-CV-8457 (JMF) (S.D.N.Y.) (the "Class Action") as well as an Order memorializing a settlement with the

Securities and Exchange Commission; (2) based on his decision to pursue claims mirroring ones that had previously been dismissed in the Class Action and in his own case; and (3) based on his decision to pursue claims that were time barred.  See ECF No. 41 ("Defs.' Mem."), at 11-23.

Defendants' arguments are not without force.  Rule 11 imposes an "affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (internal quotation marks omitted); *see Williams v. Off. of Child Support*, 21-CV-8235, 2023 WL 2396354, at *3 (S.D.N.Y. Mar. 3, 2023) ("[Rule 11] applies to *pro se* litigants as well as attorneys and their clients.").  At the same time, the standard for imposing Rule 11 sanctions is high, so as not to stifle legal creativity and zealous advocacy.  *See City of Perry, Iowa v. Procter & Gamble Co.*, No. 15-CV-8051 (JMF), 2017 WL 2656250, at *2 (S.D.N.Y. June 20, 2017); *see also, e.g.*, *Park v. Seoul Broad. Sys. Co.*, No. 05-CV-8956 (BSJ) (DFE), 2008 WL 619034, at *1 (S.D.N.Y. Mar. 6. 2008) ("Courts have cautioned litigants that Rule 11 sanctions are reserved for extraordinary circumstances."). Among other things, a court must "resolve all doubts in favor of the signer" of the pleading, *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993), and may impose sanctions only where an attorney's conduct was "objective[ly] unreasonable[ ]," *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003).  Indeed, sanctions are appropriate only where "it should have been patently obvious to any attorney who had familiarized himself with the law" that the action was frivolous.  *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988); *see also, e.g.*, *Healey v. Chelsea Res., Ltd.*, 947 F.2d 611, 626 (2d Cir. 1991) (noting it must be "patently clear that a claim ha[d] absolutely no chance of success").

In light of this high standard, the Court concludes that sanctions are not warranted.  No doubt, the strongest argument for sanctions is Amorosa's "wholesale copying" of allegations

"from the operative complaint in the Class Action," including allegations drawn from confidential witnesses with whom Amorosa had never spoken, "and from an Order memorializing a settlement" with the Securities and Exchange Commission.  ECF No. 28, at 2, 5.  As the Court previously explained, this conduct did not comport with Amorosa's "personal non-delegable responsibility under Rule 11 to validate the truth and legal reasonableness of the papers filed."  *Id.* at 2-3 (quoting *VNB Realty, Inc. v. Bank of Am. Corp.,* No. 11-CV-6805 (DLC), 2013 WL 5179197, at *7 (S.D.N.Y. Sept. 16, 2013)).  That said, there are a few cases that could be read to stand for the proposition that litigants may "utilize[e] allegations drawn from other complaints."  *Homeward Residential, Inc. v. Sand Canyon Corp.*, 298 F.R.D. 116, 126 (S.D.N.Y. 2014); *see also In re Bear Sterns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 768 n.24 (S.D.N.Y. 2012) (declining to strike portions of the operative complaint "that rely on allegations put forth in other litigants' complaints"); *380544 Canada, Inc. v. Aspen Tech., Inc.*, 544 F. Supp. 2d 199, 224-25 (S.D.N.Y. 2008) ("[Defendant] cites no authority for the proposition that a plaintiff may not rely in his pleadings on the accounts of confidential informants that are set forth in complaints from separate actions.").  These cases were not enough to salvage Amorosa's claims, but they are enough to prevent the Court from finding that "it should have been patently obvious to any attorney who had familiarized himself with the law" that this action was frivolous.  *Four Keys Leasing*, 849 F.2d at 773.

      The second and third bases for sanctions pressed by Defendants also fall short.  With respect to the second basis — that Amorosa continued to pursue claims after they had been dismissed in the Class Action and in this case — the Court credits Amorosa's explanation that he "had a right to preserve issues on appeal, because, if such claims were not raised in a complaint in the district court, they could be waived."  ECF No. 50, ¶ 51; *see, e.g.*, *Forsyth v. Humana,*

*Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (holding that "a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint"), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925–28 (9th Cir. 2012); *see also Broomes v. Schmidt*, No. CIV. A. 95–4845, 1996 WL 138087, at *4 (E.D. Pa. Mar. 27, 1996) (declining to impose sanctions where the plaintiff "mistakenly" believed "that he must continue to reassert a dismissed claim to 'preserve' its legal viability"). And with respect to the third basis — that Amorosa pursued claims that were time barred — Amorosa did articulate a non-frivolous, if failing, theory as to why he believed the claims to be timely, Opinion 3-4; *see* ECF No. 48 ("Pl.'s Opp'n"), at 15-17. Once again, the Court cannot find on these grounds that "it should have been patently obvious to any attorney who had familiarized himself with the law" that this action was frivolous. *Four Keys Leasing*, 849 F.2d at 773.

For the foregoing reasons, the Court declines to impose sanctions and denies Defendants' motion. Nevertheless, Amorosa is expressly warned that if he brings additional suits of this nature — which is to say, suits grounded nearly entirely on allegations drawn from sources other than his personal knowledge or claims with the same legal deficiencies identified in the Court's Orders in this action — sanctions may well be appropriate.

The Clerk of Court is directed to terminate ECF No. 40.

SO ORDERED.

Dated: February 12, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge